```
 1
 2
 3
 4
 5
 6
 7                          UNITED STATES DISTRICT COURT
 8                          EASTERN DISTRICT OF CALIFORNIA
 9
10   BANKERS INSURANCE COMPANY,        )   1:08-cv-01865 AWI -BAK DLB
     a Florida corporation,            )
11                                     )   REPORT AND RECOMMENDATIONS
                 Plaintiff,            )   REGARDING PLAINTIFF'S
12                                     )   APPLICATION FOR ENTRY OF
                                       )   DEFAULT JUDGMENT BY COURT
13        v.                           )
                                       )   (Document 13)
14                                     )
     DARRIN SISEMORE dba DARRIN        )
15   LATH AND PLASTER, and DOES 1-50,  )
                                       )
16               Defendants.           )
                                       )
17
```

18      Plaintiff Bankers Insurance Company ("Plaintiff") filed the instant application for entry of

19 default judgment on February 23, 2009 under Fed. R. Civ. P. 55(b)(2). (Doc. 13.) Having been

20 referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b), the matter was heard on May 8,

21 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Todd F. Stevens

22 appeared on behalf of Plaintiff. There was no appearance on behalf of Defendant Darrin Sisemore,

23 doing business as Darrin Sisemore Lath and Plaster. The matter was submitted for report and

24 recommendations to the United States District Court Judge.

25 BACKGROUND

26 A.   *Procedural History*

27      Plaintiff is a Florida corporation with its principal place of business in St. Petersburg, Florida.

28 (Doc. 8, ¶ 4.) Defendant is an individual who resides in Kern County, California and is a citizen of

California. (Doc. 8, ¶ 3.) Plaintiff seeks relief in this case based on the Court's diversity jurisdiction. The amount in controversy, exclusive of interests and costs, exceeds $75,000.00. (Doc. 8, ¶ 1.)

Plaintiff filed its First Amended Complaint for declaratory relief only on January 8, 2009. (Doc. 8.) Darrin Sisemore doing business as Darrin Sisemore Lath and Plaster, a sole proprietorship, ("Defendant") is the named defendant in the action. (Doc. 8, ¶ 5.) The First Amended Complaint asks the Court to declare that Plaintiff has no defense or indemnification obligations to Defendant, or any other person or entity, for any damages, injuries, costs, attorneys' fees, indemnity, or any other relief resulting from the prosecution of a civil action, *Anderson, et al. v. Syroli IV, et al.,* Kern County Superior Court, Case No. S-1500-CV-262006 WDP ("underlying action"). (Doc. 8, pp. 6-7, ¶¶ 2,3.) Plaintiff alleges that the commercial general liability policy it issued to Defendant does not obligate it to defend or indemnify Defendant in the underlying action because the work done by Defendant that may result in the imposition of liability against him in the underlying action was work excluded from coverage under the terms of the policy. (Doc. 8, ¶¶ 6-14, 17.) Plaintiff's First Amended Complaint also alleges that Plaintiff has a good faith expectation that it will expend more than $75,000.00 in defense and indemnification costs in the underlying action. (Doc. 8, ¶ 15.)

On January 14, 2009, a summons was issued in this matter to "Darrin Sisemore dba Darrin Sisemore and Plaster." (Doc. 9.) Plaintiff returned that summons executed on February 4, 2009 (see *Docket sheet*) showing that Defendant had been personally served with copies of the summons and the First Amended Complaint on January 26, 2009. (Doc. 10.) Defendant has not answered this First Amended Complaint, appeared specially in this action, or otherwise communicated with this Court at any time since the filing of the original complaint in this matter on December 4, 2008. (See *Docket sheet*.)

On February 19, 2009, Plaintiff filed a request for entry of default as to Defendant Darrin Sisemore. (Doc. 11.) The Clerk of this Court entered default as requested on February 20, 2009. (Doc. 12.) On February 23, 2009, Plaintiff filed its Application for Default Judgment by Court, including supporting declarations. (Doc. 13.) The Declaration in Support of the Application provides evidentiary support for all the operative allegations of the First Amended Complaint upon which its claim for declaratory relief is based, including those necessary to support the proper

assumption of jurisdiction by the Court in this matter.  (Id.)

The Court set the matter for hearing today by minute order entered April 8, 2009.  (Doc. 16.)

B. *Relevant Substantive Facts*

Commercial general liability policy number 04-0004850947-00 was issued by Plaintiff to Defendant on or about April 17, 2002.  (Doc. 8, Exhibit A.)  The policy described the insured as "Darrin Sisemore Lath and Plaster" located at 3012 Cedarwood Drive, Bakersfield, California and the form of business as a sole proprietorship (i.e., an "individual").  (Id.)

Under the policy's terms, Plaintiff agreed to pay those sums that the insured became legally obligated to pay as damages because of bodily injury or property damage to which the insurance applied.  (Id.)  Plaintiff also agreed to defend the insured against any lawsuit seeking those damages as long as the suit sought damages covered by the policy.  (Id.)  However, Plaintiff expressly limited its defense and indemnification liability exposure under the policy to the amount of the policy limits and excluded from its coverage a number of specific risks. (Id.)  One such express exclusion was designated, "Exclusion – Designated Work or Operation."  (Id.)  It stated that the policy would not provide any coverage or supplementary payments for defense or expense cost under any parts of the policy arising out of new residential property, town house, row home, apartment, housing project or dwelling work prior to the certificate of occupancy.  (Id.)  The policy was effective April 17, 2002 to April 17, 2003.  (Id.)

On May 6, 2002, Defendant contracted with an enterprise known as Syroli IV to perform stucco work as part of Syroli IV's development and construction of new, single family homes in Kern County.  (Doc. 8, ¶ 9.)  Defendant performed that work throughout 2002 for Syroli IV and other related entities who were developing and constructing new, single family residential homes in the course of the project.  (Doc. 8, ¶ 9, Exhibit C.)

On November 30, 2007, the owners of the residential property constructed by Syroli IV and its affiliates and on which Defendant performed stucco work filed a First Amended Complaint in the underlying action seeking damages arising out of constructions defects (including stucco defects) occurring in the properties' development and construction as new, single family homes.  (Doc. 8, ¶ 10, Exhibit C.)  On February 22, 2008, Syroli and those of its affiliates who were named as

defendants in the underlying action filed a cross-complaint against Defendant and other subcontractors, alleging, in part, that these cross-defendants were retained to build the new family homes involved in the underlying action. (Doc. 8, ¶¶ 11-13, Exhibits C and D.) In September of 2008, Defendant tendered the claim by Syroli in the underlying action to Plaintiff and on September 18, 2008, Plaintiff agreed to provide a defense to Defendant in the underlying action while reserving all of its rights under the policy. (Doc. 8, ¶ 14.) It did so in a reservation of rights letter, addressed to Defendant, which is attached to the First Amended Complaint as Exhibit E. Pertinent portions of that letter state:

> ...You will recall [Plaintiff] received a demand for defense and indemnity for [sic]Syroli IV and Almond Tree Village, two California Corporations [sic] which alleged that they were additional insureds on your policy with [Plaintiff]. ... [¶] In the course of that investigation we contacted you to determine if your company was a defendant in the litigation that Syroli IV and Almond Tree Village submitted to us. In the course of that discussion we learned that you had received a Complaint and summons, but were unable to tell us when your company was served. ... You have advised us that your company only worked on lath and plaster work at a few homes at the Syroli IV and Almond Tree Village project(s) and you were unable to advise us when the work was performed. You did confirm that this was work performed on new residential construction. ... [¶] To the extent it is determined that this claim arises out of work performed on new residential construction prior to the issuance of a certificate or certificates of occupancy, coverage would be excluded under this endorsement ["Exclusion – Designated Work or Operation"] to the policy per n. above ["new residential property, townhouse, condominium, row home, apartment, housing project or dwelling work prior to the certificate of occupancy."] [Emphasis added.]

(Doc. 8, Exhibit E.)

According to the proof submitted by Plaintiff in support of its Application for Default Judgment, the building permits issued by the City of Bakersfield in connection with the development of the residential properties involved in the underlying action, and on which Defendant is alleged to have performed commercial work, all describe the applications as being for new residential construction. (Doc. 13, Attachment 1.)

According to Plaintiff's First Amended Complaint, Defendant maintains that the underlying action is a claim for risk covered by the policy. (Doc. 8, ¶ 16.)

///

4

DISCUSSION

A. *Standard*

A defendant is in default if the defendant fails to plead or otherwise defend a complaint within the time period permitted by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). The Federal Rules generally allow a defendant twenty days after service of the summons and complaint to file an answer. See Fed. R. Civ. P. 12(a). If a defendant fails to respond within the time period provided by the Federal Rules of Civil Procedure, a default judgment may be entered. See Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

Rule 55(b) of the Federal Rules of Civil Procedure provides that judgment by default may be entered as follows:

> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk — on the plaintiff's request, with an affidavit showing the amount due — must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

While the power to grant or deny relief upon an application for default judgment is within the Court's sound discretion (Sony Music Entertainment v. Elias, 2004 U.S. Dist. LEXIS 30385 (C.D. Cal. Jan. 20, 2004); 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2685), a plaintiff is required to state a claim upon which he may recover in order to grant the motion for a default judgment. Pepsico, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). Well pleaded allegations of the complaint relating to liability will be taken as true, deemed to be admitted by defendant at the time of entry of default. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915,

917 (9th Cir. 1987); 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 (1998).

B.  *Analysis*

    1.    Status and Service

Defendant is not an infant or an incompetent person, nor is he in the military service or otherwise exempted under the Soldiers' and Sailors' Relief Act of 1940. (Doc. 13 at p. 1.)

In this case, Defendant has been properly served. The record shows that Defendant was personally served with a copy of the summons and the First Amended Complaint on January 26, 2009. (Doc. 10.) The record also shows that Defendant has not answered the First Amended Complaint, specially or generally appeared in this action, or otherwise communicated with this Court at any time since the filing of the original complaint in this matter on December 4, 2008. See *Docket sheet*. Consequently, upon Plaintiff's request, the Clerk of this Court properly entered Defendant's default on February 20, 2009. (Doc. 12.)

    2.    Notice

A defaulting party is entitled to written notice of the application for default judgment unless the party has not appeared in the action. Fed. R. Civ. P. 55(b)(2). The Application for Default Judgment, the supporting Declaration of Plaintiff's counsel, and the proposed order have not been served on Defendant. However, inasmuch as Defendant has made no appearance in this action to date, Rule 55(b)(2) does not require service on the defendant. See Sony Music Entertainment Inc. v. Elias, 2004 U.S. Dist. LEXIS 30385 (C.D. Cal. Jan. 20, 2004).

    3.    Liability

Under California law, when an insurer enters into an insurance contract, the insurer is free to determine the kind and scope of the risk it will assume. Fidelity & Deposit Co. v. Charter Oak Fire Ins. Co. (1998), 66 C.A.4th 1080, 1086; 2 Witkin, Summary of California Law, *Insurance*, § 81 (10th ed., 2005). An insurer's liability under a policy of insurance is contingent upon proof that the loss was within the terms of the policy. Id.; San Pedro Properties v. Sayre & Toso (1962) 203 C.A.2d 750, 754. The insured must demonstrate that the occurrence on which the claim is based is within the basic scope of the insurance coverage. 2 Witkin, *Insurance*, at § 82; Searle v. Allstate

Life Ins. Co. (1985) 38 Cal.3d 425, 437. Once that showing is made, the burden shifts to the insurer to prove that the claim is specifically excluded. Clemmer v. Hartford Ins. Co. (1978) 22 Cal.3d 865, 880; 2 Witkin, *Insurance*, at § 82.

Apart from the obligation to indemnify the insured for covered losses, liability insurance policies, such as the one involved in this matter, generally provide for the insurer's obligation to defend an action brought against the insured for risks thought to be covered under the policy. 2 Witkin, *Insurance*, at § 270. Under California law, an insurer's duty to defend arises whenever the complaint shows a claim for covered damages, i.e., "potential coverage." Id., at § 271. However, if there is no possible liability under the policy, there is no duty to defend. Dillon v. Hartford Acc. & Indem. Co. (1974) 38 C.A.3d 576, 582. The court determines the existence of such a duty by comparing the allegations of the complaint with the terms of the policy. Waller v. Truck Ins. Exchange (1995) 11 Cal.4th 1, 19.

The duty to defend arises on tender of the defense and lasts either until the conclusion of the underlying lawsuit or until the insurer can establish conclusively that there is no potential for coverage and therefore no duty to defend. 2 Witkin, *Insurance*, at § 275; Amato v. Mercury Cas. Co. (1997) 53 C.A.4th 825, 832. Whether an insurer's duty to defend actually exists is not judged on the eventual result of the underlying lawsuit but on those facts known by the insurer at the commencement of that suit and tender of its defense by the insured. 2 Witkin, *Insurance*, at § 275. Courts first determine whether insurers have a duty to defend by comparing the allegations of the complaint with the terms of the policy. Waller v. Truck Ins. Exchange (1995) 11 Cal.4th 1, 19. 2 Witkin, *Insurance*, at § 274.

The Court has reviewed and considered the allegations in the First Amended Complaint and has carefully examined the contents of all of the exhibits to that complaint, including Exhibit A, which is a copy of the policy involved herein. The Court has also reviewed and considered the Declaration of Todd F. Stevens in support of the application for default judgment.

The above-described review shows that the commercial general liability insurance policy, numbered 04-0004850947-00, was issued by Plaintiff to Defendant on or about April 17, 2002. It named as an insured Darrin Sisemore, an individual who, during the relevant time period, was

1  doing business as Darrin Sisemore Lath and Plaster, located at 3012 Cedarwood Drive, Bakersfield,
2  California.  Under the policy's terms, Plaintiff agreed to pay those sums that Defendant became
3  legally obligated to pay as damages because of bodily injury or property damage "to which the
4  insurance applied," and in an amount that did not exceed the stated limits of the policy's insurance
5  coverage.   Plaintiff also agreed to defend Defendant against any lawsuit seeking those damages as
6  long as the suit sought damages covered by the policy.
7        The policy contained an endorsement entitled, "Exclusion – Designated Work or Operation,"
8  expressly excluding from its coverage claims arising out of work or operations conducted on new
9  residential property, town house, condominium, row home, apartment, housing project or dwelling
10 work prior to the certificate of occupancy.  The terms of that endorsement also made clear that the
11 insurer would have no obligation to provide supplementary payments for defense or expense cost
12 under any parts of the policy for this excluded work or operations.
13       The underlying civil action, *Anderson, et al. v. Syroli IV, et al.*, Kern County Superior Court,
14 Case No. S-1500-CV-262006 WDP, seeks to impose on Defendant liability for property damage
15 caused by plaster or stucco work Defendant performed as part of the construction of certain new
16 homes prior to issuance of certificates of occupancy thereon.  From the evidence provided in the
17 matter before the Court, this was work expressly excluded from coverage under the terms of the
18 policy.  Consequently, the Court finds that the policy issued by Plaintiff to Defendant does not
19 provide coverage for the risks implicated in the underlying action.  For the same reason, there is no
20 duty on Plaintiff's part to defend or indemnify Defendant, or anyone claiming through Defendant, in
21 the underlying civil action, *Anderson, et al. v. Syroli IV, et al.*, Kern County Superior Court, Case
22 No. S-1500-CV-262006 WDP, under the terms of the policy.
23       Based on the above, the Court further finds that Plaintiff's Application for Default Judgment
24 by the Court should be granted.  The Court should enter judgment that Bankers Insurance Company
25 owes no duty to defend and/or indemnify Darrin Sisemore, doing business as Darrin Sisemore Lath
26 ///
27 ///
28 ///

and Plaster, in *Anderson, et al. v. Syroli IV, et al.*, Kern County Superior Court, Case No. S-1500-CV-262006 WDP.

## RECOMMENDATION

For the reasons discussed above, the Court RECOMMENDS to:

1. GRANT Plaintiff's Application for Default Judgment by the Court in favor of Plaintiff and against Defendant:

2. Enter judgment declaring that, under the terms of its commercial general liability policy number 04-0004850947-00, Bankers Insurance Company owes no duty to defend and/or indemnify Darrin Sisemore, doing business as Darrin Sisemore Lath and Plaster, in *Anderson, et al. v. Syroli IV, et al., Kern County Superior Court*, Case No. S-1500-CV-262006 WDP.

This Report and Recommendations is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned, "Objections to Magistrate Judge's Report and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 11, 2009**     /s/ **Dennis L. Beck**
                            UNITED STATES MAGISTRATE JUDGE